# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 94

APRIL TERM, A.D. 2023

September 29, 2023

JON BRESSLER,

Appellant
(Petitioner),

v.

STATE OF WYOMING, ex rel.
DEPARTMENT OF WORKFORCE
SERVICES, WORKERS' COMPENSATION
DIVISION,

Appellee
(Respondent).

S-23-0064

*Appeal from the District Court of Fremont County*
*The Honorable Jason M. Conder, Judge*

*Representing Appellant:*
Larry B. Jones, Burg, Simpson Eldredge Hersh and Jardine, P.C., Cody, Wyoming.

*Representing Appellee:*
Bridget L. Hill, Attorney General; Mark Klaassen, Deputy Attorney General; Holli J. Welch, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BOOMGAARDEN, Justice.**

[¶1]    Jon Bressler suffered a work-related injury to his right arm in 2016.  As part of his treatment, he routinely received physical therapy.  In 2020, the Department of Workforce Services, Workers' Compensation Division (the Division) denied compensating Mr. Bressler for three physical therapy sessions.  The Medical Commission (the Commission) upheld the denials after a contested case hearing, finding Mr. Bressler's continued physical therapy was no longer reasonable and necessary medical care for his work-related injury.  The district court affirmed.  We also affirm.

## ISSUE

[¶2]    Mr. Bressler raises one issue, which we phrase as:

> Whether the Medical Commission's conclusion that Mr. Bressler's continued physical therapy was not reasonable and necessary medical care for his work-related injury is supported by substantial evidence.

## FACTS

[¶3]    In January 2016, Mr. Bressler was a special education teacher at Fremont County School District # 2.  During a school-shooter training, he was physically securing a door when a purported intruder opened it with force, crushing Mr. Bressler's right arm.  After he submitted a report of injury, the Division determined Mr. Bressler had sustained a compensable work-related injury to his lower right arm.  Mr. Bressler soon after began physical therapy as part of his medical care.  One year later, Mr. Bressler's injury caused him to develop complex regional pain syndrome (CRPS).[1]

[¶4]    Between 2017 and 2020, the Division requested independent medical evaluations (IME) to determine whether Mr. Bressler had reached maximum medical improvement and should be rated for permanent benefits.  The Division received four IME reports from Scott Johnston, M.D., Ricardo Neives, M.D., Jed Shay, M.D., and Gary Walker, M.D, a majority of whom agreed Mr. Bressler had reached maximum medical improvement.  Dr. Johnston and Dr. Walker confirmed Mr. Bressler's diagnosis of CRPS and determined him to have 36% permanent partial impairment.  Mr. Bressler subsequently applied for and received permanent total disability benefits.

---

[1] "Complex regional pain syndrome (CRPS) is a condition resulting in intense burning pain, stiffness, swelling, and discoloration that most often affects the hand." *Complex Regional Pain Syndrome (Reflex Sympathetic Dystrophy)*, American Academy of Orthopaedic Surgeons, https://orthoinfo.aaos.org/en/diseases--conditions/complex-regional-pain-syndrome-reflex-sympathetic-dystrophy/ (Last visited September 12, 2023).

[¶5]   In 2019, Mr. Bressler's treating physician, Dr. Heidi Jost, wrote a letter recommending Mr. Bressler receive physical therapy twice weekly, indefinitely, to help treat his CRPS and other medical issues.  Nonetheless, the Division requested three Physical Therapy Panel reviews to determine whether Mr. Bressler's continued physical therapy remained reasonable and necessary to treat his work-related injury or was maintenance care not covered under the Division's rehabilitation guidelines.

[¶6]   Dr. Dustin Martinson issued the first Physical Therapy Panel review opining Mr. Bressler's documents showed support for ongoing physical therapy, but such therapy needed to be questioned and accompanied by further documentation.  Dr. Martinson also opined that Mr. Bressler's current documentation did not demonstrate he benefitted from physical therapy other than as maintenance care and Mr. Bressler should be transitioned to a home exercise program.  Dr. Tom Davis completed the second Panel review, stating Mr. Bressler's physical therapy treatment had not resulted in substantial improvement to his overall functional ability and he should be discharged to a home exercise program.

[¶7]   Dr. Heather Martinson completed the third Panel review.  She opined Mr. Bressler's physical therapy treatment was not reasonable and necessary care for his work-related injury as Mr. Bressler had not shown objectively measurable progress in the course of over 358 physical therapy sessions.  She also opined that any current physical therapy treatment would be classified as maintenance care and Mr. Bressler should be transitioned to a home exercise program.  Dr. Martinson was deposed in February 2021 during which she affirmed the conclusions in her Panel review.

[¶8]   The Division issued three final determinations between July and August 2020 stating that, based on the Physical Therapy Panel reviews, Mr. Bressler's continued physical therapy "would not be considered reasonable or necessary" medical care.  The Division thus denied Mr. Bressler compensation for three of his physical therapy treatments and coverage for any future treatments.  Mr. Bressler objected to the Division's determinations and the matter was referred to the Commission for a contested case hearing.  Mr. Bressler continued to receive physical therapy without the Division's coverage at the time of the hearing in May 2021.

[¶9]   At the contested case hearing, Mr. Bressler and the Division agreed the main issue before the Commission was the reasonableness of Mr. Bressler's physical therapy treatment from the end of June 2020 to the date of the hearing and beyond.  The parties submitted disclosure statements along with their exhibits to the Commission prior to the hearing.  Mr. Bressler did not call any medical experts to testify.  Rather, Mr. Bressler was the sole witness.  He testified about incurring his work-related injury, his CRPS diagnosis, and the pain he continues to feel in his right arm.  He also testified he attends physical therapy two times per week, which consists of a series of treatments and exercises.  He described the benefits he receives from physical therapy, including short-term pain relief, an increased ability to grasp objects with his right hand, better sleep for a couple nights

after sessions, and increased ability to try activities he had previously been able to perform. Mr. Bressler further testified to performing a rigorous home exercise program for one hour every morning which helped him loosen up, grasp objects, and reduce his pain level. He confirmed he had not returned to work since his 2016 injury and is currently receiving permanent total disability benefits. He did not dispute that he had received approximately 358 physical therapy sessions over three-and-a-half years as noted in Dr. H. Martinson's review. Mr. Bressler also stated he saw Dr. Jost once a year and each time she renewed his physical therapy orders.

[¶10] The Commission issued its order the next month, concluding Mr. Bressler's continued physical therapy was not reasonable and necessary medical care for his work-related injury. It thus upheld the Division's three final determinations denying Mr. Bressler physical therapy benefits. Mr. Bressler appealed the Commission's decision to the district court. The district court affirmed.

[¶11] Mr. Bressler timely appealed.

## *DISCUSSION*

[¶12] Mr. Bressler argues the Commission's order denying him continued physical therapy benefits is unsupported by substantial evidence. "We examine the case as if it came directly from the Medical Commission and give no deference to the district court's decision affirming the agency decision." *Genner v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2022 WY 123, ¶ 12, 517 P.3d 1138, 1142 (Wyo. 2022) (citing *Morris v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2017 WY 119, ¶ 23, 403 P.3d 980, 986 (Wyo. 2017)).

[¶13] Our review is governed by the Wyoming Administrative Procedure Act, which requires us to "[h]old unlawful and set aside agency action, findings and conclusions found to be . . . [u]nsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute." Wyo. Stat. Ann. § 16-3-114(c)(ii)(E) (LexisNexis 2023). Under the substantial evidence test, we examine the entire record for "relevant evidence which a reasonable mind might accept in support of the agency's conclusions." *Rodriguez v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2022 WY 166, ¶ 9, 522 P.3d 164, 168 (Wyo. 2022) (citation omitted). We review the agency's conclusions of law de novo. *Id.* ¶ 11, 522 P.3d at 168 (citation omitted).

[¶14] Wyo. Stat. Ann. § 27-14-102(a)(xii) (LexisNexis 2023) states, in part:

> "Medical and hospital care" when provided by a health care provider means any reasonable and necessary first aid, medical, surgical or hospital service, medical and surgical supplies, apparatus, essential and adequate artificial

3

replacement, body aid during impairment, disability or treatment of an employee pursuant to this act . . . and any other health services or products authorized by rules and regulations of the division.

The Division's rules provide that "[w]orkers with injuries compensable under the [Wyoming Worker's Compensation Act] shall be provided reasonable and necessary health care benefits as a result of such injuries." Workers' Comp. Div. Rules & Regulations, Ch. 7, § 3(a)(i) (2011).[2]

[¶15] Further, the Division has established rules and regulations governing the compensability of physical therapy claims, which state:

> (a) Chiropractors, physical therapists, physical therapists assistants, occupational therapists, and occupational therapist assistants may perform treatment modalities in the management of soft tissue injuries for the progressive development of strength and mobility, and to improve functional outcomes. An initial evaluation should document the diagnoses or clinical impression consistent with the presenting complaint(s) and the results of the examination and diagnostic procedures conducted. Subsequent visits performed require documentation of measured, objective, significant findings.
>
> (b) The Division shall pay physical therapy and occupational therapy services only if they are provided pursuant to a prescription from the injured employee's primary treating health care provider, as defined in Chapter 1, Section 4(au) of these Rules.
>
> (c) The Division shall monitor claims for services and may require the provider to submit a formal written treatment plan or supplemental report detailing the medical necessity, specific goals, number of sessions and time frames for review and authorization to continue the service. If the injured worker is not responding within the recommended duration periods, per the assessment of the provider, other treatment interventions, further diagnostic studies or consultation may be considered.

---

[2] The Division has since updated the rules and regulations cited in this opinion; however, Mr. Bressler's injury occurred in 2016 and as such this Court applies the agency's rules in effect at that time. *See* Wyo. Stat. Ann. § 27-14-602(b).

(i)     The Administrator adopts the **Rehabilitation Therapy Utilization Guidelines For The Care And Treatment of Injured Workers** and the **Chiropractic Utilization Guidelines For The Care And Treatment Of Injured Workers**, which will be used by the Division in its evaluation and payment of physical therapy and chiropractic claims.  These guidelines are available under separate cover through the Division.

Workers' Comp. Div. Rules & Regulations, Ch. 10, § 21 (2011) (emphasis in original).

[¶16]   The Division's guidelines for rehabilitation therapy state in relevant part:
. . .

**Ethical Guidelines**

Once it has been determined that the injured worker will benefit from treatment provided by a physical, occupational, or speech therapist, certain ethical guidelines should be followed. **The Division should only be billed for procedures which were provided and medically necessary to treat the injured worker's compensable injury**.  Appropriate documentation shall always be provided.  Once the injured worker has recovered from the injury or reached a level of ascertainable loss, he is to be released from care and a final bill should be sent to the Division.  Any expenses/bills for further treatment may be the injured worker's responsibility.

. . .

**D) Discharge**

• **Injured workers who have undergone a course of care and are considered to be at either pre-injury status or MMI [maximum medical improvement] should be discharged from active care.**  An independent home program shall be completed, if needed, prior to discharge. **Maintenance care is not eligible for compensation**.
• A re-injury or a new injury will require documentation to validate relatedness.
• Injured workers who have responded to care and have reached an ascertainable loss, but have a permanent impairment rating and ongoing residuals may be eligible for

5

"as needed" care following the Ethical Guidelines on a case by case basis.

Wyo. Workers' Comp. Div. Rehabilitation Therapy Guidelines for the Care and Treatment of Injured Workers in Consultation with the Rehabilitation Therapy Panel, Dep't of Workforce Servs., at *2, 3–4 (2015) (emphasis added).[3]

[¶17]  Mr. Bressler had the burden of proving all the essential elements of his claims by a preponderance of the evidence.  *Genner*, ¶ 14, 517 P.3d at 1142 (citation omitted); *see also In re Worker's Comp. Claim of David*, 2007 WY 22, ¶ 9, 151 P.3d 280, 287 (Wyo. 2007) ("Since each new claim or award involves a separate administrative determination under [Wyo. Stat. Ann.] § 27–14–606, the claimant is required to prove that he or she is entitled to receive benefits for all outstanding claims even if he or she has received previous awards for the same injury." (citations omitted)).  Under the provisions quoted above, Mr. Bressler had the burden of proving his continued physical therapy is reasonable and necessary medical care for his work-related injury.

[¶18]  The Commission found Mr. Bressler failed to meet his burden.  As such:

> . . . we will decide whether there is substantial evidence to support the [Commission]'s decision to reject the evidence offered by [Mr. Bressler] by considering whether that conclusion was contrary to the overwhelming weight of the evidence in the record as a whole.  If, in the course of its decision[-]making process, the [Commission] disregards certain evidence and explains its reasons for doing so based upon determinations of credibility or other factors contained in the record, its decision will be sustainable under the substantial evidence test.  Importantly, our review of any particular decision turns not on whether we agree with the outcome, but on whether the [Commission] could reasonably conclude as it did, based on all the evidence before it.

*McMillan v. State*, 2020 WY 68, ¶ 8, 464 P.3d 1215, 1218 (Wyo. 2020) (quoting *Boyce v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2017 WY 99, ¶ 21, 402 P.3d 393, 399–400 (Wyo. 2017)).

[¶19]  Based on the evidence in the record, the Commission could reasonably conclude Mr. Bressler failed to meet his burden to show continued physical therapy was reasonable

---

[3]  The Division's guidelines can be found on its website at: https://dws.wyo.gov/wp-content/uploads/2023/03/Rehabilitation-Therapy-Utilization-Guidelines-2015.pdf (last visited September 12, 2023).

and necessary medical care for his work-related injury. The Commission's order noted that it reviewed eighty-two pages of physical therapy records, the three Physical Therapy Panel reviews, the four IME reports, the deposition testimony of Dr. H. Martinson, and the testimony of Mr. Bressler. The Commission's decision relied primarily on Dr. Martinson's deposition testimony and the three Panel reviews.

[¶20] Mr. Bressler contends the Commission placed improper weight on Dr. Martinson's deposition testimony because her testimony demonstrated she was not an objective witness. This Court does not reweigh the evidence presented to the Commission. *See City of Rawlins v. Schofield*, 2022 WY 103, ¶ 50, 515 P.3d 1068, 1083 (Wyo. 2022) (citation omitted). Rather, we defer to the Commission's findings of fact and credibility determinations when they are supported by a rational premise. *Rodriguez*, ¶ 28, 522 P.3d at 171 (citing *McMasters v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2012 WY 32, ¶ 71, 271 P.3d 422, 439 (Wyo. 2012)); *see also Hart v. State ex rel. Dep't of Workforce Servs.*, 2018 WY 105, ¶ 18, 442 P.3d 653, 659 (Wyo. 2018) ("Because the administrative body 'is the trier of fact and has the duty to weigh the evidence and determine the credibility of witnesses,' we will defer to the Medical Commission's findings of fact unless they are clearly contrary to the overwhelming weight of the evidence in the record." (citation omitted)).

[¶21] Dr. Martinson was deposed prior to the contested hearing and opined that even considering the physical therapy Mr. Bressler received after the Division entered its denials of benefits, physical therapy had not led to substantial improvements in Mr. Bressler's medical condition. She explained:

> Based on the documentation that I have received, I can say that he is reporting the same pain levels, the same treatments have been performed for him, and there is little to no progress with physical therapy for his condition.
> . . .
> In physical therapy, patients need to be making progressive improvement for physical therapy to be benefiting. If the patient needs it to prevent backsliding, we call that maintenance care.

She also testified that Mr. Bressler's "358 visits of rehabilitation is - - is unheard of in physical therapy. Either somebody is going - - even if they're in physical therapy, they're either going to make progress and improve and get better or they're not going to make progress and physical therapy is not the method of treatment for them." She further opined that continued physical therapy would only constitute maintenance care for Mr. Bressler. Though Mr. Bressler contends Dr. Martinson's statement that 358 sessions is "unheard of in physical therapy" demonstrates an improper bias, he cites to no pertinent authority for his position and the record clearly shows Dr. Martinson reviewed Mr. Bressler's medical

documents and stated an expert medical opinion based on those documents. *See McMillian*, ¶ 17, 464 P.3d at 1220–21 ("When presented with expert medical testimony, the Commission, 'as the trier of fact, is responsible for determining relevancy, assigning probative value, and ascribing the relevant weight to be given to the testimony.'" (citation omitted)).

[¶22] Mr. Bressler also asserts the Commission's reliance on Dr. H. Martinson's deposition testimony is contrary to the Physical Therapy Panel reviews of Dr. D. Martinson and Dr. Davis, and Dr. Walker's IME report, none of which opine Mr. Bressler's physical therapy should end. The record not only refutes Mr. Bressler's contentions, but also corroborates the Commission's reliance on Dr. H. Martinson's testimony. Dr. D. Martinson acknowledged there was support for ongoing physical therapy, however he questioned whether it should be continued and that "there is not current documentation that supports the claimant benefiting from physical therapy." He ultimately concluded Mr. Bressler's physical therapy is maintenance care and recommended Mr. Bressler should be transitioned to a home exercise program. Dr. Davis likewise stated Mr. Bressler has gone "without substantial improvement in his overall functional ability" after three years of physical therapy and should be transitioned to a home exercise program. Dr. Walker's IME report noted that Mr. Bressler had been receiving physical therapy treatment for his CRPS, however he also noted Mr. Bressler's "prognosis at this point is very poor" and he did "not expect any additional improvement over time without additional treatment." Dr. Walker did not offer any opinion as to the necessity of physical therapy but recommended Mr. Bressler undergo alternative treatments such as a "spinal cord stimulator trial" or a "stellate ganglion block."[4]

[¶23] After it reviewed the parties exhibits and testimony, the Commission found Dr. H. Martinson's deposition testimony was "uncontradicted and persuasive." This determination was not contrary to the overwhelming weight of the evidence in the record, as discussed above. *McMillan*, ¶ 8, 464 P.3d at 1218. Therefore, the Commission offered a rational premise for finding Dr. H. Martinson's deposition testimony to be credible. *Rodriguez*, ¶ 28, 522 P.3d at 171 (citation omitted).

[¶24] Mr. Bressler lastly asserts the Commission's reliance on the Physical Therapy Panel reviews is unwarranted due to conflicting evidence from Dr. Johnston and Dr. Jost, physicians who Mr. Bressler contends are in a better position to gauge the effectiveness of any medical treatment than the members of the Panel. Dr. Johnston's IME report noted physical therapy as one option among many for treating CRPS but did not specifically

---

[4] Mr. Bressler also points to a 2019 letter from Dr. David Renner, a neurologist, affirming Mr. Bressler's diagnosis of CRPS and briefly stating "PT should be employed to provide assistance with non-self-administered needs[.]" Though this letter appears contrary to the Panel reviews, it is only one recommendation out of several offered to the Commission and does not address whether physical therapy remained reasonable and necessary after June 30, 2020, the sole issue before the Commission. Additionally, Dr. Renner did not testify at the hearing to contradict the deposition testimony offered by Dr. H. Martinson.

recommend physical therapy or otherwise contradict the Panel reviews. The Commission acknowledged such evidence when it stated in its order that "[a]ll physicians reviewing this case recommended alternative therapies" for Mr. Bressler, "yet none were pursued."

[¶25] Dr. Jost submitted a letter "To Whom It May Concern" in February 2019 recommending Mr. Bressler receive physical therapy two times a week, indefinitely. The Commission addressed Dr. Jost's letter, finding it to be "the only evidence to refute the reasonableness and necessity of continued physical therapy[.]" However, the Commission found Dr. Jost's letter was two years old by the time of the hearing and Dr. Jost was not called to testify. The Commission thus articulated a rational premise to disregard the letter. *See McMillan*, ¶ 8, 464 P.3d at 1218 (citation omitted).

## *CONCLUSION*

[¶26] The Commission's conclusion that Mr. Bressler's continued physical therapy is not reasonable and necessary medical care for his work-related injury is supported by substantial evidence. Therefore, its order upholding the Division's three final determinations denying Mr. Bressler physical therapy benefits is affirmed.

9