# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 123

**OCTOBER TERM, A.D. 2023**

December 19, 2023

JAMES D. GRAY,

Appellant
(Petitioner),

v.

STATE OF WYOMING, ex rel.
DEPARTMENT OF WORKFORCE
SERVICES, WORKERS' COMPENSATION
DIVISION,

Appellee
(Respondent).

S-23-0111

*Appeal from the District Court of Crook County*
*The Honorable James Michael Causey, Judge*

*Representing Appellant:*
Jason Johnson, Davis, Johnson & Kallal, LLC, Cheyenne, Wyoming.

*Representing Appellee:*
Bridget L. Hill, Attorney General; Mark Klaassen, Deputy Attorney General; Peter Howard, Senior Assistant Attorney General; Holli J. Welch, Senior Assistant Attorney General.

*Before FOX, C.J., KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    James Gray applied to the Wyoming Workers' Safety and Compensation Division (Division) for permanent total disability benefits (PTD benefits) after a work-related injury. The Medical Commission concluded after a contested case hearing that Mr. Gray proved his eligibility for PTD benefits through the odd lot doctrine, but it deferred an issue of law regarding whether a physician's certification is required for PTD benefits in odd lot cases. The Division referred the legal issue to the Office of Administrative Hearings (OAH). The hearing examiner determined PTD benefits could not be awarded in an odd lot case without a physician's certification and denied Mr. Gray's claim. The district court affirmed. We reverse.

## ISSUE

[¶2]    The single issue before us is whether a physician's certification is required to receive PTD benefits through the odd lot doctrine.

## FACTS

[¶3]    In November 2018, a one-hundred-pound metal baffle fell off of a pile of lumber and onto Mr. Gray during the course of his employment. The accident injured Mr. Gray's cervical spine, collarbone, right shoulder, left leg, and left ankle. He also lost some teeth as a result of the accident. Mr. Gray reported the workplace injury to the Division. The Division determined the injuries to Mr. Gray's cervical spine, shoulder, leg, and ankle were compensable. Mr. Gray received temporary total disability benefits for at least fifteen months. In late January 2020, one of Mr. Gray's medical providers opined that he reached his maximum medical improvement but declined to opine on his permanent impairment, recommending instead a functional capacity evaluation.

[¶4]    In August 2020, Mr. Gray applied for PTD benefits. The Division denied the application, noting the absence of a physician's certification of the permanent total disability. Mr. Gray objected to the Division's decision, and the matter was referred to the Medical Commission. A functional capacity evaluation and vocational assessment followed, prior to the Medical Commission's hearing. The vocational evaluator determined Mr. Gray is unemployable in any occupation due to a myriad of medical limitations associated with the workplace injuries, coupled with vocational limitations related to Mr. Gray's skills, education, and training.

[¶5]    The Medical Commission held a contested case hearing in October 2021. Mr. Gray asserted his claim should be viewed under the odd lot doctrine and that no physician's certification is required for PTD benefits through that doctrine. The Medical Commission found Mr. Gray met his burden to establish his eligibility for PTD benefits under the odd lot doctrine. However, the Medical Commission concluded it did not have jurisdiction to

1

determine as a matter of law whether a physician's certification is required to receive benefits under that doctrine. The Medical Commission referred the matter back to the Division for resolution of that legal question. The Division then referred the matter to the OAH.

[¶6]    Mr. Gray and the Division agreed there were no disputed issues of material fact and the only issue was one of law regarding the physician's certification. They both moved the OAH for summary judgment to resolve that question. A hearing examiner heard arguments on the motions in March 2022. The hearing examiner decided in favor of the Division, holding that a physician's certification is required to receive PTD benefits through the odd lot doctrine. Mr. Gray appealed that decision to the district court. The district court affirmed the hearing examiner's decision. This appeal timely follows.

## STANDARD OF REVIEW

[¶7]    We examine this matter as if it came directly from the agency and give no deference to the district court's decision. *Bressler v. State ex rel. Dep't of Workforce Servs.*, 2023 WY 94, ¶ 12, 536 P.3d 224, 227–28 (Wyo. 2023) (citing *Genner v. State ex rel. Dep't of Workforce Servs.*, 2022 WY 123, ¶ 12, 517 P.3d 1138, 1142 (Wyo. 2022)). Our review is governed by the Wyoming Administrative Procedure Act which, in pertinent part, requires us to set aside agency actions that are "not in accordance with law" or are "[u]nsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute." Wyo. Stat. Ann. § 16-3-114(c) (A), (E) (2023). The substantial evidence standard of review applies to evidentiary findings after contested case proceedings, but we review conclusions of law de novo. *Bressler*, 2023 WY 94, ¶ 13, 536 P.3d at 228 (citation omitted); Wyo. Stat. Ann. § 16-3-114(c) ("[T]he reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.").

[¶8]    This appeal arose from a contested case proceeding, but the parties do not dispute the evidentiary finding that Mr. Gray meets the criteria for PTD benefits under the odd lot doctrine. Without a challenge to the substantial evidence supporting the Medical Commission's conclusion, the sole issue for our review is the Division's conclusion of law. "Absent evidentiary dispute, the standard of review for contested case hearings is simply stated as whether an agency's conclusions are in accordance with the law." *Jacobs v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2009 WY 118, ¶ 11, 216 P.3d 1128, 1132 (Wyo. 2009) (citation omitted). Under this standard of review, we afford no deference to the agency's determination and will correct any error made by the agency in either interpreting or applying the law. *Id.* (citation omitted).

## DISCUSSION

[¶9]    This appeal asks us to evaluate the relationship between the common law odd lot doctrine and the statutory framework for PTD benefits.  To receive PTD benefits through the statutory framework, a claimant must meet the definition of permanent total disability.  Wyo. Stat. Ann. § 27-14-102(a)(xvi) defines "permanent total disability" as:

> the loss of use of the body as a whole or any permanent injury certified under W.S. 27-14-406, which permanently incapacitates the employee from performing work at any gainful occupation for which he is reasonably suited by experience or training[.]

Wyo. Stat. Ann. § 27-14-406(a) provides, in pertinent part:

> Subject to W.S. 27-14-602, upon certification by a physician licensed to practice surgery or medicine that an injury results in permanent total disability as defined under W.S. 27-14-102(a)(xvi), an injured employee shall receive for eighty (80) months a monthly payment as provided by W.S. 27-14-403(c)[.]

The Division, the hearing examiner, and the district court narrowly construed this statutory framework for PTD benefits.  What the Division, hearing examiner, and district court overlooked, however, is that the longstanding common law odd lot doctrine affords a particularized statutory application in certain cases.

[¶10]   The odd lot doctrine is a common law vehicle whereby a worker can obtain statutory PTD benefits when they are "not actually permanently totally disabled." *Moss v. State ex rel. Wyo. Workers' Comp. Div.*, 2010 WY 66, ¶ 13, 232 P.3d 1, 5 (Wyo. 2010) (citation omitted); *see Stallman v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2013 WY 28, ¶ 31, 297 P.3d 82, 91 (Wyo. 2013) (referring to the "common law odd lot doctrine").  We first recognized the odd lot doctrine as part of our substantive workers' compensation law in 1941.  Anaya v. Holly Sugar Corp., 928 P.2d 473, 475 (Wyo. 1996) (citing the history of cases developing the odd lot doctrine); In re Pickens, 2006 WY 54, ¶ 13, 134 P.3d 1231, 1235 (Wyo. 2006) (discussing In re Iles, 110 P.2d 826 (Wyo. 1941)).  In later decades, we defined the doctrine in more detail and with reference to its development in other jurisdictions.  Anaya, 928 P.2d 473; Pickens, 2006 WY 54, 134 P.3d 1231; Cardin v. Morrison-Knudsen, 603 P.2d 862, 863–64 (Wyo. 1979) (citations omitted); Schepanovich v. U.S. Steel Corp., 669 P.2d 522, 525–26 (Wyo. 1983).  Under the odd lot doctrine, a claimant—who is not permanently totally disabled such that they are altogether incapacitated—is nevertheless able to receive permanent total disability benefits because the claimant's disability and other factors make the claimant de facto unemployable. *Id.*

3

(citations omitted); *Pickens*, 2006 WY 54, ¶ 14, 134 P.3d at 1236; *Vaughan v. State ex rel. Wyo. Workers' Comp. Div.*, 2002 WY 131, ¶¶ 8–11, 53 P.3d 559, 561–63 (Wyo. 2002). Specifically, the claimant must show (1) they are no longer capable of performing the job held at the time of the injury and (2) the degree of physical impairment coupled with other factors such as mental capacity, education, training, and age make the claimant eligible for PTD benefits even though they are not totally incapacitated. *Ross v. State ex rel. Dep't of Workforce Servs.*, 2022 WY 11, ¶ 21, 503 P.3d 23, 31 (Wyo. 2022) (citation omitted). The claimant must also show reasonable efforts to find work in their community after reaching maximum medical improvement or, alternatively, show that the disability caused by the work-related injury is so complete that any effort to find employment would be futile. *Moss*, 2010 WY 66, ¶ 14, 232 P.3d at 5 (citation omitted). The burden then shifts to the Division or the employer to show that light work of a special nature the claimant could perform is available. *Pickens*, 2006 WY 54, ¶ 14, 134 P.3d at 1236 (citation omitted).

[¶11] The odd lot doctrine is a particular, case-specific "application of the definition of permanent total disability," *Pickens*, 2006 WY 54, ¶ 31, 134 P.3d at 1241, and we will continue to apply it as such. *See also Moss*, 2010 WY 66, ¶ 13, 232 P.3d at 5 ("[T]he statutory definition for permanent total disability is consistent with the odd lot doctrine[.]" (citing *Nagle v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2008 WY 99, ¶ 11, 190 P.3d 159, 165 (Wyo. 2008))). As the Division notes in its briefing, we must construe Wyoming statutes in a manner that does not abrogate common law unless the legislature has expressly or impliedly indicated to the contrary. *Merrill v. Jansma*, 2004 WY 26, ¶ 34, 86 P.3d 270, 285–86 (Wyo. 2004) ("Absent a manifestation of legislative intent to repeal a common-law rule, statutes should be construed as consistent with the common law. Statutes are not to be understood as effecting any change in the common law beyond that which is clearly indicated either by express terms or by necessary implication from the language used." (citations omitted)). The legislature has not abrogated the odd lot doctrine.

[¶12] The physician's certification clause was added to Wyo. Stat. Ann. § 27-14-102(a)(xvi) and § 27-14-406(a) in 1994 in a set of comprehensive revisions to the workers' compensation statutes. 1994 Wyo. Sess. Laws ch. 86. In making those revisions, the legislature expressly abrogated common law requiring us to liberally construe workers' compensation statutes, *id.; In re Collicott*, 2001 WY 35, ¶ 13, 20 P.3d 1077, 1081–82 (Wyo. 2001) (discussing the 1994 amendments and express rejections of certain common law), but made no mention of the longstanding odd lot doctrine. Nor, for the reasons explained below, is it necessary to imply any abrogation of that doctrine to give full effect to Wyo. Stat. Ann. § 27-14-102(a)(xvi) and § 27-14-406(a) as the legislature intended.

[¶13] The Act provides for disabilities and impairments. A "disability" is evaluated in terms of the economic loss and earning capacity associated with an injury. An "impairment," on the other hand, concerns physical loss and presents as a medical question. *State ex rel. Wyo. Workers' Safety & Comp. Div. v. Singer*, 2011 WY 57, ¶ 14, 248 P.3d 1155, 1159–60 (Wyo. 2011) (citations omitted). Several factors the claimant must address

4

under the odd lot doctrine are independent of the claimant's physical, or medical, limitations. *Stallman*, 2013 WY 28, ¶ 43, 297 P.3d at 95; 3 Modern Workers Compensation § 305:9 (Nov. 2023 Update). Indeed, as Mr. Gray's counsel emphasized at the summary judgment hearing, those non-physical factors often are beyond the scope of a physician's certification. Mr. Gray's medical providers stated the same in their depositions. They could not opine on Mr. Gray's vocational capacity and limited their opinions to Mr. Gray's physical limitations.

[¶14] Accordingly, in *Stallman*, we held extensive reliance on physician testimony was "an error in the application of the law governing the odd lot doctrine, which requires consideration of both a claimant's degree of physical impairment ***and*** whether the claimant can be 'employed regularly in any well known branch of the labor market.'" 2013 WY 28, ¶ 43, 297 P.3d at 95 (emphasis in original). In *Vaughan*, we similarly questioned the ability of a medical examiner to opine in all cases on vocational ability, particularly when that medical examiner agrees that "whether someone can perform a job requires consideration of more than just the physical condition of the person, [the physician's] specialty, but also the job market and availability, as well as mental abilities, education, training and experience" which are "best left for a vocational evaluator to determine." 2002 WY 131, ¶¶ 25–29, 53 P.3d at 565–66.

[¶15] To summarize, a "disability" determination is not, in all cases, solely a medical question capable of certification. *See Stallman*, 2013 WY 28, ¶ 43, 297 P.3d at 95; *Vaughan*, 2002 WY 131, ¶¶ 25–29, 53 P.3d at 565–66; *Singer*, 2011 WY 57, ¶ 14, 248 P.3d at 1159–60. In instances like Mr. Gray's, a physician may be able to provide medical evidence of physical impairment but could not certify him as permanently totally disabled as defined in Wyo. Stat. Ann. § 27-14-102(a)(xvi) because whether he is permanently disabled involves more than just medical evidence. It requires an evaluation of the economic loss or earning capacity resulting from that impairment—an evaluation the physician may not be qualified to perform. *Vaughan*, 2002 WY 131, ¶¶ 25–29, 53 P.3d at 565–66. The odd lot doctrine operates to determine PTD benefit eligibility in just such circumstances—cases where a claimant cannot meet the statutory definition of permanent total disability because of their physical impairment alone, but whose impairment coupled with vocational factors and the type of work available in a community renders that claimant unable work at any gainful occupation for which they are reasonably suited by experience and training. *Moss*, 2010 WY 66, ¶ 13, 232 P.3d at 5; *Pickens*, 2006 WY 54, ¶ 13, 134 P.3d at 1235–36 (citations omitted).

[¶16] This result—not conditioning an award of statutory PTD benefits in all cases to the submission of a physician's certification under Wyo. Stat. Ann. § 27-14-406(a)—comports with the statutory structure used by the legislature when it defined permanent total disability. *See Gates v. Memorial Hosp. of Converse Cnty.*, 2023 WY 77, ¶ 15, 533 P.3d 493, 499 (Wyo. 2023) (discussing plain language interpretation and our obligation to "construe each statutory provision *in pari materia*, giving effect to every word, clause, and

sentence according to their arrangement and connection." (citations omitted)). Wyo. Stat. Ann. § 27-14-102(a)(xvi) certainly contemplates certification of the loss of use of the body as a whole or any permanent, physical injury. Notably, however, the second clause of section 102(a)(xvi)—"which permanently incapacitates the employee from performing work at any gainful occupation for which he is reasonably suited by experience or training"—expressly ties the physical injury to the vocational criteria for permanent total disability. *See Pickens*, 2006 WY 54, ¶¶ 16–17, 31, 134 P.3d at 1237, 1240 (discussing the causal connection required for PTD benefits between the workplace injury and the inability to work). The common law odd lot doctrine simply recognizes that in certain cases the vocational criteria to establish a permanent total disability necessarily connect to nonphysical or nonmedical circumstances, which, when considered together with the physical injury, render the claimant unemployable and thus eligible for statutory PTD benefits. This is the factual reality addressed by the odd lot doctrine.

[¶17] "We presume the legislature to adopt legislation which is reasonable and logical." *Balderson v. State*, 2013 WY 107, ¶ 23, 309 P.3d 809, 814 (Wyo. 2013) (citing *Vineyard v. Jenkins*, 983 P.2d 1234, 1237 (Wyo. 1999)); *Gates*, 2023 WY 77, ¶ 15, 533 P.3d at 499 ("[A] court should give effect to the most likely, most reasonable, interpretation of the statute, given its design and purpose." (citation omitted)). The specialized application of the statutory definition of permanent total disability afforded by the odd lot doctrine harmonizes (1) the need for medical expertise about the physical limitations and connection to the workplace injury, and (2) the practical limitations for medical providers to opine outside their areas of expertise on vocational and community criteria for "disability" under the workers' compensation statutes, *supra* ¶¶ 13–15. It also furthers the legislature's intent that workers' compensation claims be decided on their merits, *see* Wyo. Stat. Ann. § 27-14-101(b), because a decision on the merits could be impaired if all claims were contingent on physicians having to certify non-medical, vocational matters outside their area of expertise. Finally, this application aligns with the legislative directive not to favor either party when interpreting the Act. *See id.* The burden of proof in odd lot cases remains on the claimant and, as our precedent reflects, even with a physician's certification, proving a claimant qualifies for PTD benefits through the odd lot doctrine is fact intensive. *E.g.*, *Moss*, 2010 WY 66, 232 P.3d 1; *Pickens*, 2006 WY 54, 134 P.3d 1231; *Vaughan*, 2002 WY 131, 53 P.3d 559.

### CONCLUSION

[¶18] It is uncontested that Mr. Gray met his evidentiary burden to prove his eligibility for PTD benefits under the odd lot doctrine. A physician's certification of non-medical matters is not a prerequisite to award PTD benefits through the common law odd lot doctrine. We reverse the decision of the district court and the hearing examiner and remand this matter for entry of an order consistent with this opinion.

6